IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 6:20-cv-00027 |
| | § | |
| $20,248.00 in UNITED STATES | § | |
| CURRENCY | § | |
| Defendant | § | |

## **VERIFIED COMPLAINT FOR FORFEITURE IN REM**

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of

America, Plaintiff, brings this complaint and alleges as follows:

<u>Nature of the Action</u>

1.      This is an action to forfeit property to the United States for a violation of 21

U.S.C. § 846 (Conspiracy to Possess with the Intent to Distribute and Distribution of

Cocaine).

<u>Defendant In Rem</u>

2.      The Property is $20,248.00 in United States currency seized from Bradley

Thompson on June 21, 2019, in Athens, Henderson County, Texas, within the Eastern

District of Texas.

**U.S. v. $20,248.00 in United States Currency - COMPLAINT**
**Page 1 of  5**

<u>Jurisdiction and Venue</u>

3.     The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

4.     The Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

<u>Basis for Forfeiture</u>

6.     The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), because it is moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 846, proceeds traceable to such an exchange, and moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. § 846.

<u>Facts</u>

7.     The facts and circumstances supporting the forfeiture of the above-described property are briefed below and contained in the Affidavit of Carlos Hernandez, which is attached hereto and incorporated herein by reference.

a.      In February 2019, DEA and the Henderson County Sheriff's Office (hereinafter, "HCSO") initiated a joint investigation in Athens, Henderson County, Texas, within the Eastern District of Texas.

b.      From approximately April 2019 through June 2019, the DEA and HCSO conducted multiple controlled buys of crack cocaine from Bradley Thompson (hereinafter, "Thompson") at 160 Gibson Road, Apt #252, Athens, Henderson County, Texas 75751 (hereinafter, "the apartment").

c.      On June 21, 2019, HCSO executed a search warrant at Thompson's apartment.  During the search, law enforcement found and seized approximately 10.82 grams of crack cocaine base, approximately 166 grams of marijuana, a Century Arms 7.62 type assault rifle with a scope, Serial Number: RAS47077010 with a magazine, three cell phones, and $20,248.00 in U.S. currency.

d.      Following the search, Thompson was arrested by the HCSO on state charges of Possession of marijuana.   Thompson admitted to the possession and distribution of marijuana and crack cocaine, in the Henderson County, Eastern District of Texas area.

e.      A review of employment information indicates that Thompson received $497.53 in wages in 2019 and $7,136.32 in wages from 2012-2013.

Potential Claimants

8.      The known potential claimants to the Property are:

a.  Bradley Thompson - 160 Gibson Road, Apt #252, Athens, Texas 75751.

Claim for Relief

9.      The United States respectfully requests that the Court forfeit the Property to the United States, award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____/s/_____

Kevin McClendon
Assistant United States Attorney
State Bar No. 13408620
101 East Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Carlos Hernandez, hereby state that:

1.    I am a Special Agent with the Drug Enforcement Administration.

2.    I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3.    The information contained in this Complaint comes from the official files and records of the United States, statements from other law enforcement officers, and my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.

Carlos Hernandez
Special Agent
Drug Enforcement Administration

Dated: 01-17-2020

## AFFIDAVIT IN SUPPORT OF FORFEITURE COMPLAINT

I, Carlos Hernandez, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

## PREFACE

1.     This affidavit is in support of a civil forfeiture complaint for $20,248.00 in United States currency seized from Bradley Thompson on June 21, 2019, in Athens, Henderson County, Texas, within the Eastern District of Texas.

2.     The Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), because it is moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 846, proceeds traceable to such an exchange, and moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. § 846.

## INTRODUCTION

3.     I, Carlos R. Hernandez, am a Special Agent with the United States Department of Justice, Drug Enforcement Administration (hereinafter, "DEA"), Dallas Field Division, Tyler Resident Office, Tyler, Smith County, Texas.  I have been a Special Agent with DEA since September 1997.  Before joining the DEA, I was a Special Agent with the United States Air Force Office of Special Investigations for approximately seven years. As a Special Agent with the DEA, I am authorized to investigate violations of the Controlled Substances Act, 21 U.S.C. § 801.  I have had training and participated in applying for and executing search warrants, complaints, and indictments for narcotics

trafficking. I have used a variety of methods to investigate drug trafficking organizations including but not limited to, electronic surveillance, visual surveillance, general questioning of witnesses and suspects, the use of search warrants, the use of confidential sources, and various other techniques, all in support of enforcing the drug laws of the United States.

## INVESTIGATION SUMMARY

5.      In February 2019, DEA and the Henderson County Sheriff's Office (hereinafter, "HCSO") initiated a joint investigation in Athens, Henderson County, Texas.  During the initial stages of this investigation, DEA established confidential sources, who penetrated a drug trafficking organization operating primarily in the Athens, Texas area.  From approximately April 2019 through June 2019, the DEA and HCSO utilized confidential sources to conduct multiple controlled buys of crack cocaine from Bradley Thompson (hereinafter, "Thompson") at 160 Gibson Road, Apt #252, Athens, Henderson County, Texas 75751 (hereinafter, "the apartment").

6.      On April 23, 2019, a Henderson County confidential source (hereinafter, "CS") purchased 2.89 grams of crack cocaine for $180.00 US currency from Thompson at the apartment.   The crack cocaine was submitted and analyzed by DEA South Central Lab, which confirmed it contained cocaine base.

7.      On May 2, 2019, a HCSO CS purchased approximately 5.0 grams of crack cocaine for $200.00 U.S. currency from Thompson at the apartment.  The crack cocaine was submitted and analyzed by the DEA South Central Laboratory, which confirmed it contained cocaine base.

8.      On May 10, 2019, a HCSO CS purchased 2.69 grams of crack cocaine from Thompson at the apartment.  The crack cocaine was submitted and analyzed by the DEA South Central Lab, which confirmed it contained cocaine base.

9.      On May 23, 2019, a HCSO CS purchased 1.25 grams of crack cocaine for $100.00 U.S. currency from Thompson at the apartment.  The crack cocaine was submitted and analyzed by the DEA South Central Lab, which confirmed it contained cocaine base.

10.     On June 3, 2019, a HCSO CS purchased 1.53 grams of crack cocaine for $200.00 U.S. currency from Thompson at the apartment.  The crack cocaine was submitted and analyzed by the DEA South Central Lab, which confirmed it contained cocaine base.

11.     On June 18, 2019, a HCSO CS purchased .280 grams of crack cocaine for $40.00 U.S. currency from Thompson at the apartment.  The crack cocaine was submitted and analyzed by the DEA South Central Lab, which confirmed it contained cocaine base.

12.     On June 21, 2019, at the request of the DEA, the HCSO executed a state search warrant at Thompson's apartment.  Thompson was the only individual present during the execution of the search warrant, and no other individual was present during the search and seizure.  Thompson is the only individual who lived at the apartment and his name was on the apartment lease.  During the search, participating agents and officers found and seized approximately 10.82 grams of cocaine base (also known as "crack"), approximately 166 grams of marijuana, a Century Arms 7.62 type assault rifle with a

scope, Serial Number: RAS47077010 with a magazine, three cell phones, and $20,248.00 in U.S. currency.

13.     During the search, various amounts of U.S. currency were located throughout the apartment, some on the dining room table, on the kitchen table, and the remaining, largest quantity, was located in a lockbox hidden inside a leather bag in the closet of the master bedroom.   The lockbox contained the property, with the amount of the property confirmed by a count at Southside Bank.

14.     Following the search, Thompson was arrested by the HCSO on state charges of Possession of marijuana.  Following his release and rights advisement, TFO Eric Whitaker and TFO Damon Boswell interviewed Thompson at the HCSO, Athens, Texas.  During the interview, Thompson stated he understood his rights and was willing to answer questions.  Thompson admitted to the possession and distribution of marijuana and crack cocaine, and identified his sources of supply in the Henderson County, Eastern District of Texas area.

15.     A review of Texas Workforce Commission records indicates that Thompson received $497.53 in wages in 2019 and $7,136.32 in wages from 2012-2013.

_____ , SA, DEA

Carlos Hernandez
Special Agent - DEA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 6:20-cv-00027 |
| | § | |
| $20,248.00 IN UNITED STATES | § | |
| CURRENCY, | § | |
| Defendant. | § | |

## **ORDER FOR WARRANT OF ARREST IN REM**

TO:   The Clerk of the Court, United States District Court for the Eastern District of
Texas

WHEREAS, on January 22, 2020, the United States of America filed a verified

complaint for civil forfeiture in the United States District Court for the Eastern District of

Texas against the defendant property, alleging that the property is subject to seizure and

civil forfeiture to the United States for the reasons alleged in the complaint; and

WHEREAS, the Court, having reviewed the Complaint and the Government's

Application for Warrant of Arrest in Rem, finds, the defendant property is currently in the

possession, custody, or control of the United States; and

WHEREAS, Supplemental Rule G(3)(b)(i) provides that the clerk must issue a

warrant to arrest the property if it is in the government's possession, custody, or control;

YOU ARE, THEREFORE, HEREBY COMMANDED to issue an arrest warrant

in rem for the defendant property pursuant to Supplemental Rule G(3)(b)(i); and

YOU ARE FURTHER COMMANDED to deliver the arrest warrant in rem to a

person or organization authorized to execute it who may be a marshal or any other United

States officer or employee, someone under contract with the United States, or someone

specially appointed by the Court for that purpose, pursuant to Supplemental Rule

G(3)(c)(i).

 IT IS SO ORDERED,

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 6:20-cv-00027 |
| | § | |
| $20,248.00 IN UNITED STATES | § | |
| CURRENCY, | § | |
| Defendant. | § | |

## **WARRANT OF ARREST IN REM**

TO:   The United States Marshals Service for the Eastern District of Texas and/or any
other United States officer or employee, someone under contract with the United
States, or someone specially appointed by the court.

On January 22, 2020, the United States filed a verified complaint for civil

forfeiture in the United States District Court for the Eastern District of Texas against

$20,248.00 in United States currency (defendant property) alleging that the property is

subject to seizure and forfeiture to the United States for the reasons alleged in the

complaint.

The defendant property is currently in the possession, custody, or control of the

United States.

In these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the

Court to issue an arrest warrant in rem for the defendant property.

Supplemental Rule G(3)(c)(i) provides that the warrant of arrest in rem must be

delivered to a person or organization authorized to execute it who may be a marshal or

any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court for that purpose.

YOU ARE COMMANDED to do the following:

1.     To arrest the defendant property as soon as practicable by serving a copy of this warrant on the custodian in whose possession, custody or control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court.

2.     Promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individual(s) upon whom copies were served and the manner employed.

Dated:

                                        DAVID O'TOOLE
                                        Clerk of the Court
                                        United States District Court for the
                                        Eastern District of Texas


                                        By:    _____
                                                Deputy Clerk

**Warrant of Arrest in Rem – Page 2 of 2**

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | $20,248.00 in U.S. currency |

| (b)  County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant   Henderson |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c)  Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Kevin McClendon, USAO, 101 E. Park Blvd., Suite 500 Plano, Texas 75074 (972) 509-1201 | |

## II.  BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1   U.S. Government      Plaintiff

☐ 2   U.S. Government      Defendant

☐ 3   Federal Question       (U.S. Government Not a Party)

☐ 4   Diversity       (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☒ 625 Drug Related Seizure |    28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |    Liability |    of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|    & Enforcement of Judgment |    Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent |    Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |    Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|    Student Loans | ☐ 340 Marine |    Safety/Health | | ☐ 490 Cable/Sat TV |
|    (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |    Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |    Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle |    Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract |    Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |    12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |    Injury |    & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893  Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. |    or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ |    Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |    Accommodations | |    26 USC 7609 |    Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | | |    Under Equal Access |
| |    Employment | | |    to Justice |
| | ☐ 446 Amer. w/Disabilities - | | | ☐ 950 Constitutionality of |
| |    Other | | |    State Statutes |
| | ☐ 440 Other Civil Rights | **PRISONER PETITIONS** | | |
| | **PERSONAL INJURY** | ☐ 510 Motions to Vacate | | |
| | ☐ 362 Personal Injury - |    Sentence | | |
| |    Med. Malpractice | **Habeas Corpus:** | | |
| | ☐ 365 Personal Injury - | ☐ 530 General | | |
| |    Product Liability | ☐ 535 Death Penalty | | |
| | ☐ 368 Asbestos Personal | ☐ 540 Mandamus & Other | | |
| |    Injury Product | ☐ 550 Civil Rights | | |
| |    Liability | ☐ 555 Prison Condition | | |
| | **PERSONAL PROPERTY** | | | |
| | ☐ 370 Other Fraud | | | |
| | ☐ 371 Truth in Lending | | | |
| | ☐ 380 Other Personal | | | |
| |    Property Damage | | | |
| | ☐ 385 Property Damage | | | |
| |    Product Liability | | | |

## V.  ORIGIN (Place an "X" in One Box Only)

☒ 1   Original      Proceeding

☐ 2   Removed from      State Court

☐ 3   Remanded from      Appellate Court

☐ 4   Reinstated or      Reopened

☐ 5   Transferred from      another district      (specify)

☐ 6   Multidistrict      Litigation

☐ 7   Appeal to District      Judge from      Magistrate      Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
This is an in rem civil forfeiture proceeding pursuant to 21 USC 881
Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**     UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):     JUDGE                           DOCKET NUMBER

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 01/22/2020 | /s/ Kevin McClendon |

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____